2016 ND 59

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Robert Anthony PUTNEY, Defendant and Appellant.**

**No. 20150237.**

Supreme Court of North Dakota.

March 15, 2016.

Kelly A. Dillon, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Eric P. Baumann, Minot Public Defender Office, Minot, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Robert Putney appealed from a criminal judgment after the district court found him guilty of aggravated assault. Putney also appealed from orders denying his motion for judgment of acquittal and motion for new trial. We affirm the criminal judgment and the order denying the motion for judgment of acquittal. We reverse the order denying the motion for new trial and remand for further proceedings.

I

[¶ 2] Putney assaulted a woman on the night of June 15, 2014. According to police affidavits, Putney brought an injured woman to a Minot hospital. After arriving at the hospital, medical personnel observed the woman had abrasions on her face, an injury to the back of her head, and hair had been forcibly pulled from her head. After further examination, medical personnel also discovered the woman had been shot, which necessitated removal of part of her large intestine. The medical personnel also informed the responding officers the woman identified Putney as the man who assaulted her. At the hospital, the responding officers observed Putney had bloodied knuckles and a substance, later identified as gunshot residue, on his hands. The officers also noted Putney appeared to be intoxicated. Based upon this information, Minot police arrested Putney.

[¶ 3] The City of Minot charged Putney with violation of a municipal ordinance for simple assault. On June 16, 2014, the day after the alleged assault, Putney appeared in municipal court, pled guilty, and the municipal court sentenced Putney to thirty days in jail.

[¶ 4] After Putney pled guilty to the municipal charge, police discovered a discarded handgun that matched an empty gun box found in Putney's residence. Medical personnel could not recover the bullet because of the way it was lodged in the woman, but it had a diameter comparable to that which would be fired from the recovered handgun. On July 9, 2014, the State charged Putney with aggravated assault under N.D.C.C. § 12.1–17–02. Prior to the bench trial, Putney moved to dismiss the charge, arguing the charge violated his constitutional and statutory rights against double jeopardy because he had already been convicted of the assault in municipal court. The court preliminarily denied the motion, concluding factual issues existed making summary disposition inappropriate. After a bench trial, the court found Putney guilty. Because the court found Putney caused a permanent impairment of a bodily function, the court found Putney guilty of a class B felony.

[¶ 5] In an accompanying order, the court concluded it could not rule on whether double jeopardy barred Putney's conviction. Although Putney provided the ordinance regarding simple assault, he did not provide the ordinance defining culpability. The court, citing Keyes v. Amundson, 391 N.W.2d 602 (N.D.1986), concluded it could not take judicial notice of the missing ordinance because it was a court of general jurisdiction, Putney did not offer the ordinance into evidence, and the parties had not stipulated to the ordinance. Further, even if it were allowed to take judicial notice of the ordinance, the court concluded it was essential for Putney to provide the court with all necessary information, which he did not do. The court accordingly denied Putney's motion to dismiss.

[¶ 6]   After entry of the judgment and order, Putney moved for a judgment of acquittal and a new trial, arguing insufficient evidence supported his conviction and double jeopardy applied.   In exhibits supporting the motions, Putney provided the missing ordinance.   The court concluded sufficient evidence supported the conviction because the evidence showed Putney acted with the requisite culpability, the woman suffered a serious bodily injury, and the woman suffered a permanent impairment of a bodily function.   The court, again relying on *Keyes*, also concluded it could not judicially notice the ordinance despite Putney having provided the court with the ordinance because it was a court of general jurisdiction, Putney did not offer the ordinance into evidence, and the parties had not stipulated to the ordinance. Because the court concluded it could not judicially notice the ordinance so as to perform the double jeopardy analysis, and sufficient evidence otherwise supported the conviction, the court denied Putney's motions for judgment of acquittal and new trial.

## II

[¶ 7]   Putney argues insufficient evidence exists to sustain his conviction and the district court erred in denying his motion for judgment of acquittal because of insufficient evidence.   We consider these arguments together.

[¶ 8]   In considering a challenge to a conviction based upon the sufficiency of evidence:

[W]e look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecu-

tion the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt.

*State v. Rufus*, 2015 ND 212, ¶ 6, 868 N.W.2d 534 (quoting *State v. Corman*, 2009 ND 85, ¶ 8, 765 N.W.2d 530).

[¶ 9]   "In deciding a motion for judgment of acquittal, the district court, upon reviewing the evidence most favorable to the prosecution, 'must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt.' " *State v. Gonzalez*, 2000 ND 32, ¶ 14, 606 N.W.2d 873 (quoting *State v. Hafner*, 1998 ND 220, ¶ 21, 587 N.W.2d 177).   On appeal from an order denying a motion for judgment of acquittal, "the defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *Id.*

[¶ 10]   The criminal aggravated assault statute, N.D.C.C. § 12.1-17-02, provides:

A person is guilty of a class C felony, except if the victim is under the age of twelve years or the victim suffers permanent loss or impairment of the function of a bodily member or organ in which case the offense is a class B felony, if that person:

1.   Willfully causes serious bodily injury to another human being;

2.   Knowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury;

[¶ 11]   Putney argues no rational fact finder or reasonable person could have concluded he knowingly assaulted the woman.   A person acts knowingly if, "when he engages in the conduct, he

knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so." N.D.C.C. § 12.1–02–02(1)(b). Here, the evidence supports the conclusion a physical altercation occurred because Putney had bloodied knuckles and the alleged victim had abrasions on her face and hair forcibly pulled from her head. Although medical personnel could not recover the bullet used in the shooting, the State presented evidence the bullet is consistent in diameter with a handgun matching an empty gun box found in Putney's residence. Additionally, the arresting officers discovered gunpowder residue on Putney's hands and the woman testified to hearing Putney say, "He told me to shoot her, and I shot her." While Putney argues taking the woman to the hospital militates against a finding of the requisite culpability, this conduct does nothing to explain the remainder of the evidentiary basis supporting his conviction. A rational fact finder and a reasonable mind could have concluded Putney knowingly assaulted the woman.

[¶ 12] Putney also argues the alleged victim did not suffer a permanent impairment of a bodily function, which elevated his conviction to a class B felony. The woman testified, "They had to cut a piece of my colon because it was damaged. I have a colostomy bag, which [means] I can't control my own bowels." She further testified doctors may be able to reverse the damage; if not, she will have to have the colostomy bag for life. A rational fact finder and a reasonable mind could have concluded the woman suffered a permanent impairment of a bodily function. Sufficient evidence supports Putney's conviction and the district court did not err in denying Putney's motion for a judgment of acquittal.

## III

[¶ 13] Putney argues the court erred by concluding it could not judicially notice the missing ordinance after Putney provided the ordinance with his motion for new trial. The parties do not dispute the court possessed the missing ordinance after Putney attached the ordinance to his motion for new trial. Citing to *Keyes v. Amundson*, 391 N.W.2d 602 (N.D.1986), the district court concluded it could not take judicial notice of the ordinance because it was a court of general jurisdiction, Putney failed to offer the ordinance into evidence, and the parties did not stipulate to the ordinance. Because the court was without authority to otherwise judicially notice the ordinance, the court denied Putney's motion for new trial.

[¶ 14] On appeal from an order denying a motion for new trial, we will not reverse a district court's use of discretion "unless we can say that, in denying the motion, such judgment was abused." *State v. Tranby*, 437 N.W.2d 817, 824 (N.D.1989). "A district court abuses its discretion if its decision is arbitrary, capricious, or unreasonable, or it misinterprets or misapplies the law." *State v. Hidanovic*, 2008 ND 66, ¶ 11, 747 N.W.2d 463.

[¶ 15] Putney argues the district court misinterpreted and misapplied *Keyes* to conclude it could not judicially notice the missing ordinance. In *Keyes*, we stated: "[i]n the absence of a statutory requirement, courts of general jurisdiction may not take judicial notice of a municipal ordinance, and the ordinance must be introduced into evidence or stipulated to by the parties just as any other evidence." 391 N.W.2d at 607. In *City of Bismarck v. McCormick*, 2012 ND 53, ¶¶ 10–13, 813 N.W.2d 599, a district court relied, in part, on *Keyes* in refusing to take judicial notice of an ordinance when a case was transferred from municipal to district court.

Absent introduction of, or stipulation to, the ordinance, the district court in *McCormick* concluded *Keyes* precluded it from taking judicial notice of the ordinance. *McCormick*, at ¶13. We reversed and remanded, holding the court erred by relying on *Keyes* because the above quoted language from *Keyes* was dicta. *McCormick*, at ¶14. To the extent we have relied on the above quoted dicta from *Keyes* in cases subsequent to *Keyes, see, e.g., State v. Stensaker*, 2007 ND 6, ¶32, 725 N.W.2d 883, our reliance does not lend precedential value to the dicta. By concluding *Keyes* precluded it from taking judicial notice of the ordinance, the district court misinterpreted and misapplied the law as articulated in *McCormick*, resulting in the court abusing its discretion.

[¶16] Our dicta in *Keyes* notwithstanding, courts are free to judicially notice municipal ordinances. *McCormick*, at ¶12 (concluding municipal ordinances are within the definition of legislative facts falling outside the scope of N.D.R.Ev. 201). If a court takes judicial notice of a municipal ordinance, it may do so free of the procedural requirements otherwise required for judicial notice of adjudicative facts under N.D.R.Ev. 201. *McCormick*, at ¶12 (discussing the differences between taking judicial notice of adjudicative facts under N.D.R.Ev. 201 and legislative facts falling outside of N.D.R.Ev. 201). Whether to take judicial notice of a municipal ordinance is within the district court's discretion. *See Alliance Pipeline L.P. v. Smith*, 2013 ND 117, ¶7, 833 N.W.2d 464 (noting "[a] court may take notice of those other legal proceedings as legislative facts because they have relevance to legal reasoning in the formulation of a legal principle for a judicial ruling.").

[¶17] In this regard, we recognize the vastly different circumstances under which ordinances may or may not be available or reliable. Increased formalization of municipal codes in larger cities has resulted in published municipal codes with availability and reliability rivaling those of published state statutes. In such cases, this formalization has arguably blurred the distinctions between statutes and ordinances we previously recognized. *See Keyes*, 391 N.W.2d at 608 (noting "state statutes are compiled, published and distributed by recognized professional entities who must vouch for the integrity of their product and thus they are likely accurate, readily ascertainable and available while such is often not the case with ordinances."). However, the reality remains many smaller municipalities have no published municipal code, have a municipal code that is not readily available for judicial notice, or have a municipal code with suspect reliability. In instances where an ordinance is not available for a court to take judicial notice, or where a court has doubts about the reliability of an ordinance, the court can request "to see the ordinance just as it can request a citation to a statute in a non-municipal district court proceeding." *McCormick*, at ¶12. Under appropriate circumstances, a court may be justified in using its discretion in declining to judicially notice a municipal ordinance. Where an ordinance is readily available, and its reliability is not in dispute, a court should consider taking judicial notice of the ordinance and continuing with the proceedings.

[¶18] Because the district court erred in misinterpreting and misapplying the law, we reverse the district court's order denying Putney's motion for new trial with regard to the matter of double jeopardy and we remand for the court to determine whether to take judicial notice of the ordinance. On remand, if the court takes judicial notice of the ordinance, it is to perform the double jeopardy analysis.

## IV

[¶ 19] We do not address the other arguments raised because they are unnecessary to this decision. We affirm Putney's conviction and the order denying the motion for judgment of acquittal. We reverse the order denying Putney's motion for new trial with regard to the matter of double jeopardy and remand for further proceedings consistent with this opinion.

[¶ 20] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.