2016 ND 173

**CITY OF GRAND FORKS,**
**Plaintiff and Appellee**

v.

**Nicole Louell JACOBSON, Defendant**
**and Appellant.**

**No. 20150326.**

Supreme Court of North Dakota.

Aug. 31, 2016.

Sarah W. Gereszek (argued), City Prosecutor and Kristi P. Venhuizen (on brief), City Prosecutor, Grand Forks, N.D., for plaintiff and appellee.

Challis Williams (argued), under the Rule on Limited Practice of Law by Law Students, and Alexander F. Reichert (appeared), Grand Forks, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Nicole Jacobson appeals from a criminal judgment entered after the district court denied her motion to dismiss and she conditionally pled guilty to driving under suspension or revocation under Grand Forks City Code § 8–0201. We conclude the district court erred in analyzing Jacobson's motion to dismiss under N.D.C.C. § 39–06–42 and failing to apply relevant municipal code provisions. We reverse and remand.

I

[¶ 2] On February 17, 2015, Jacobson was charged in Grand Forks municipal court with driving under suspension or revocation in violation of the Grand Forks City Code ("G.F.C.C.") § 8–0201, a class B misdemeanor. She requested a jury trial, and as provided by N.D.C.C. § 40–18–15.1, the case was transferred to Grand Forks County district court.

[¶ 3] Jacobson moved the district court to dismiss the case, contending N.D.C.C. § 39–06–42(3) confers the court with discretion to dismiss a driving under suspension charge if the defendant's operator's license is reinstated within sixty days of the date of the offense. In its response to Jacobson's motion, the City agreed the district court had discretion to dismiss the charge, citing N.D.C.C. § 39–06–42(3) and G.F.C.C. § 8–1503, but argued the facts of this case did not support dismissal.

[¶ 4] The district court denied Jacobson's motion concluding N.D.C.C. § 39–06–42(3) did not provide the court any discretion to dismiss the charge. She subsequently entered a conditional guilty plea to

driving under suspension or revocation under G.F.C.C. § 8–0201.

## II

[¶ 5] Jacobson argues the district court erred as a matter of law in ruling N.D.C.C. § 39–06–42(3) did not provide the court with discretion to dismiss the charge of driving under suspension.

[¶ 6] Section 39–06–42, N.D.C.C., states in relevant part:

1. Except as provided in section 39–06.1–11, an individual who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state while an individual's operator's license is suspended or revoked in any jurisdiction is guilty of a class B misdemeanor for the first, second, or third offense within a five-year period. Any subsequent offense within the same five-year period is a class A misdemeanor.

   . . . .

3. *A court may dismiss a charge under this section* upon motion by the defendant if the defendant's operator's license is reinstated *within sixty days of the date of the offense* and the defendant provides to the court satisfactory evidence of the reinstatement.

   . . . .

(Emphasis added.)

[¶ 7] In denying Jacobson's motion to dismiss, the district court held N.D.C.C. § 39–06–42 did not provide the court any discretion to dismiss after analyzing the statute's legislative history as a part of its "preliminary review." The court engaged in an extensive discussion of the legislative history for the entire statutory scheme in N.D.C.C. title 39, including relevant legislative testimony, and case law. The court ultimately concluded:

While our legislature could have provided statute cross-reference or qualifying language in N.D.C.C. [§] 39–06–42(3), the outright prohibition of driving while suspended/revoked under N.D.C.C. § 39–0[6]–42(1) is excepted *only by the issuance of a temporary restricted license* under N.D.C.C. § 39–06.1–11. To interpret the 60–day reinstatement law otherwise, as set out in N.D.C.C. § 39–06–42(3), would be *contrary to the overall scheme of our driving statutes* and would permit suspended/revoked drivers to operate motor vehicles on this State's public highways without the public safety concern that is addressed by the director when issuing the temporary restricted license.

(Emphasis added.) The district court concluded Jacobson's argument would lead to "absurd results" because periods of license suspension would essentially be shortened and there is "no such manipulative exception in our statutes, nor such specific intent in our legislative history."

[¶ 8] Jacobson asks this Court to interpret N.D.C.C. § 39–06–42(3) and hold the district court erred as a matter of law in deciding it lacked discretion to dismiss the charge against her. She contends N.D.C.C. § 39–06–42(3) is unambiguous and the legislature did not limit the district court's discretion to certain categories of offenses or only after a period of prior suspension lapses.

[¶ 9] The City concedes on appeal that the district court has discretion to dismiss the charge and did not need to analyze the statute's legislative history. The City asserts, however, the facts of this case do not support dismissing the driving under suspension charge because Jacobson's prior revocation of driving privileges was a consequence of the serious offense of driving

under the influence and she drove knowing her license was revoked. Although the City agrees there was no need to "decipher legislative intent," the City argues the court did not abuse its discretion in refusing to dismiss the charge because the court engaged in a rational mental process to achieve a reasoned determination.

[¶ 10] The district court's decision and both parties' argument on appeal have exclusively relied on applying N.D.C.C. § 39–06–42(3), and neither party cited G.F.C.C. § 8–1503 in their written briefs to this Court.

[¶ 11] Generally, N.D.C.C. § 40–18–15.1 governs the transfer of a matter to the district court for a jury trial. We have explained that district courts are free to judicially notice municipal ordinances when a case is transferred from municipal to district court. *City of Bismarck v. McCormick*, 2012 ND 53, ¶ 12, 813 N.W.2d 599; *see also State v. Putney*, 2016 ND 59, ¶ 16, 877 N.W.2d 28. We have also said that "[w]hether to take judicial notice of a municipal ordinance is within the district court's discretion." *Putney*, at ¶ 16. In this case, however, Jacobson was not charged under N.D.C.C. § 39–06–42, but rather was charged in municipal court with a violation of G.F.C.C. § 8–0201 for driving under suspension or revocation. Although the case was transferred to the district court for a jury trial under N.D.C.C. § 40–18–15.1, the case remained a charge under G.F.C.C. § 8–0201. We also note G.F.C.C. § 8–1503(1) specifically incorporates G.F.C.C. § 8–0201 and contains nearly identical language as N.D.C.C. § 39–06–42(3), stating a "municipal judge may dismiss a charge under this section" if the same criteria as provided in the statute are met. We conclude the district court misapplied the law in denying Jacobson's motion to dismiss the charge without applying the relevant municipal code provisions.

[¶ 12] We reverse and remand for the district court to apply the Grand Forks municipal code in deciding whether to dismiss the charge against Jacobson under the specific facts and circumstances of this case.

### III

[¶ 13] The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

[¶ 14] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.