2016 ND 253

**Josue CASTILLO, Appellee**

v.

**Grant LEVI, Director, North Dakota Department of Transportation, Appellant**

No. 20160192

Supreme Court of North Dakota.

Filed 12/20/2016

Deanna F. Longtin, Williston, ND, for appellee.

Michael T. Pitcher, Office of the Attorney General, Bismarck, ND, for appellant.

Sandstrom, Justice.

[¶1] The Department of Transportation appeals from a district court judgment reversing a Department order revoking Josue Castillo's driving privileges for 180 days for refusing to submit to onsite screening and chemical tests. We reverse the district court, concluding the Department could still administratively revoke driving privileges when the officer had not told the driver that the refusal of the onsite breath test could be cured by submitting to a subsequent chemical test. We reinstate the Department's order revoking Castillo's driving privileges for 180 days.

I

[¶2] On September 27, 2015, at about 2:15 a.m., a Grafton police officer stopped Castillo after observing he failed to stop at a stop sign. The officer testified he could smell an odor of alcohol coming from inside the vehicle and asked Castillo to accompany him to the front seat of his patrol vehicle. The officer testified Castillo admitted consuming four mixed drinks and said he was coming from a bar. According to the officer, Castillo's eyes were bloodshot and watery and his speech seemed slurred. Castillo declined field sobriety testing, stating he would fail because he just had a mixed drink at the bar.

[¶3] The officer read Castillo the North Dakota implied consent advisory and asked him to submit to an onsite screening test. The officer testified Castillo was hesi-

tant to consent and asked to speak to a lawyer. The officer advised Castillo he could call a lawyer, but Castillo remained silent. The officer told him he would need a "yes or no answer" about the onsite screening test. The officer again told Castillo he could call a lawyer, but Castillo did not do so. The officer testified Castillo refused the onsite screening test, stating he "just had a drink and he would fail that test." The officer arrested Castillo for driving under the influence and handcuffed and placed him in the patrol vehicle's rear seat.

[¶ 4] The officer again read Castillo the implied consent advisory, informing him that refusal to submit to a chemical test is a crime punishable in the same manner as driving under the influence and that refusal may result in his driving privileges being revoked for 180 days up to three years. Castillo ultimately refused the officer's post-arrest request for a chemical test. Although the officer read Castillo the implied consent advisory, he did not inform Castillo he could remedy his refusal to take the onsite screening test by submitting to a subsequent chemical test. Castillo was charged with driving under the influence. The officer also issued Castillo a report and notice, including a temporary operator's permit, notifying Castillo of the Department's intent to revoke his driving privileges.

[¶ 5] Castillo requested an administrative hearing. At the hearing, the hearing officer addressed Castillo's refusals to submit to requests for an onsite screening test and for a subsequent chemical test. The hearing officer said 2015 amendments to N.D.C.C. § 39-08-01(2) require a police officer to inform a driver of the ability to remedy a prior refusal of an onsite screening test by taking a subsequent chemical test for the same incident. The hearing officer concluded the 2015 amendments did not provide a remedy in an administrative proceeding if an officer failed to advise the driver of the ability to cure and did not create a new "right" for drivers. The hearing officer also found Castillo had provided no evidence he suffered prejudice by the police officer's failure to include the remedy language. The hearing officer revoked Castillo's driving privileges for 180 days.

[¶ 6] The district court reversed the Department's order, concluding the hearing officer had misinterpreted the statutes. The court held the legislature intended a driver who refuses the onsite test be advised of the remedy language in N.D.C.C. § 39-08-01(2). The court reasoned the statute governing screening tests manifests a legislative intent to allow an individual to avoid the consequences of a refusal and an individual cannot "knowingly cure [an onsite refusal] without being aware of the remedy." The court held it was "reasonable" for Castillo to conclude no benefit existed to taking the chemical test after his arrest since he had not been given the curative advisory. The court ruled the hearing officer erred in concluding the police officer's omission of the remedy language was inconsequential and non-prejudicial.

[¶ 7] Castillo's appeal from the administrative agency decision to the district court was timely under N.D.C.C. § 39-20-06. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 28-32-46. The Department's appeal from the district court was timely under N.D.C.C. § 28-32-49. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-32-49.

II

[¶ 8] This Court reviews the administrative revocation of a driver's license under N.D.C.C. § 28-32-46. This Court must affirm an agency's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*Id.*; *see also* N.D.C.C. § 28–32–49. "[W]e do not make independent findings of fact or substitute our judgment for that of the agency." *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979). "We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Id.* "An agency's conclusions on questions of law are subject to full review." *Garcia v. Levi*, 2016 ND 174, ¶ 8, 883 N.W.2d 901 (quoting *Schlittenhart v. N.D. Dep't of Transp.*, 2015 ND 179, ¶ 14, 865 N.W.2d 825).

### III

▉ [¶ 9] The Department argues the officer's failure to advise Castillo he could remedy his refusal to take the onsite screening test under N.D.C.C. § 39–08–01(2) does not entitle Castillo to any relief in an administrative proceeding to revoke his driving privileges.

▉ [¶ 10] Interpretation of a statute is a question of law. *Sauby v. City of Fargo*, 2008 ND 60, ¶ 8, 747 N.W.2d 65. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. When a statute's language is clear and unambiguous, the letter of the statute cannot "be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

[¶ 11] Section 39–08–01(2), N.D.C.C., provides for a criminal offense for refusal of a chemical test:

a. An individual who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state who refuses to submit to a chemical test, or tests, required under section 39-06.2-10.2, 39-20-01, or 39-20-14, is guilty of *an offense under this section.*

b. An individual is not subject to *an offense under this section for refusal to submit to an onsite screening test* under section 39-20-14 *if the person submits to a chemical test* under section 39-20-01 or 39-06.2-10.2 for the same incident. *Upon the individual's refusal to submit to an onsite screening test, the police officer shall inform the individual that the individual may remedy the refusal if the individual takes a chemical*

*test under section 39-20-01 or 39-06.2-10.2 for the same incident.*

(Emphasis added.)

[¶ 12] Section 39-20-01(3), N.D.C.C., governs post-arrest chemical testing and states in relevant part:

a. The law enforcement officer shall inform the individual charged [1] that North Dakota law requires the individual to take the test to determine whether the individual is under the influence of alcohol or drugs; [2] that refusal to take the test directed by the law enforcement officer is a crime punishable in the same manner as driving under the influence; and [3] that refusal of the individual to submit to the test directed by the law enforcement officer *may* result in a revocation for a minimum of one hundred eighty days and up to three years of the individual's driving privileges.

b. A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39–08–01 or this chapter *if the law enforcement officer fails to inform the individual charged as required under subdivision a.*

(Emphasis added.) In 2015, the legislature added what is now subdivision b of N.D.C.C. § 39–08–01(2) and subdivision b of N.D.C.C. § 39–20–01(3). *See* 2015 N.D. Sess. Laws ch. 268, §§ 6 and 9.

[¶ 13] The 2015 legislature, however, did not amend N.D.C.C. § 39–20–14, which addresses onsite screening tests and provides in relevant part:

1. Any individual who operates a motor vehicle upon the public highways of this state is deemed to have given consent to submit to an onsite screening test or tests of the individual's breath for the purpose of estimating the alcohol concentration in the individual's breath upon the request of a law enforcement officer who has reason to believe that the individual committed a moving traffic violation or was involved in a traffic accident as a driver, and in conjunction with the violation or the accident the officer has, through the officer's observations, formulated an opinion that the individual's body contains alcohol.

. . . .

3. The screening test or tests must be performed by an enforcement officer certified as a chemical test operator by the director of the state crime laboratory or the director's designee and according to methods and with devices approved by the director of the state crime laboratory or the director's designee. The results of such screening test must be used only for determining whether or not a further test shall be given under the provisions of section 39–20–01. *The officer shall inform the individual [1] that North Dakota law requires the individual to take the screening test to determine whether the individual is under the influence of alcohol, [2] that refusal to take the screening test is a crime, and [3] that refusal of the individual to submit to a screening test may result in a revocation for at least one hundred eighty days and up to three years of that individual's driving privileges.* If such individual refuses to submit to such screening test or tests, none may be given, but such refusal is sufficient cause to revoke such individual's license or permit to drive in the same manner as provided in section 39-20-04, and a hearing as provided in section 39-20-05 and a judicial review as provided in section 39–20–06 must be available.

4. The director *must not revoke* an individual's driving privileges for refusing to submit to a screening test requested under this section *if the individual provides a sufficient breath, blood, or urine sample for a chemical test requested under section 39–20–01 for the same incident.*

5. No provisions of this section may supersede any provisions of chapter 39-20, nor may any provision of chapter 39-20 be construed to supersede this section except as provided herein.

. . . .

(Emphasis added.)

[¶ 14] The Department argues that while the legislature added the "remedy" language in N.D.C.C. § 39–08–01(2)(b), similar language was not enacted in N.D.C.C. ch. 39-20, and that no statute in N.D.C.C. ch. 39-20, including N.D.C.C. § 39–20–14, provides an administrative consequence for failing to advise a driver of the ability to remedy the refusal of an onsite screening test. The Department provides three grounds supporting its argument the remedy language of N.D.C.C. § 39–08–01(2) does not apply to administrative proceedings.

[¶ 15] First, the Department argues this Court has not previously applied the criminal refusal statute in an administrative proceeding. Second, the Department argues that if the legislature had intended to create relief for purposes of the administrative proceeding, it would have expressly included the relief in N.D.C.C. § 39–20–14. Third, the Department contends there are rights that can be asserted in a criminal proceeding which do not apply in the administrative proceeding, and more specifically, constitutional protections afforded in criminal proceedings do not apply in administrative proceedings. The Department asks this Court to reject Castillo's argument that N.D.C.C. § 39–08–01(2)(b) applies to an administrative proceeding.

[¶ 16] It is an important distinction here that this case is solely the administrative revocation of driving privileges for refusing an onsite screening test, and not a criminal penalty for refusing a chemical test. The plain language of N.D.C.C. § 39–08–01(2) specifically applies to "an offense under this section," that is, the criminal offense. *Cf. City of Grand Forks v. Jacobson*, 2016 ND 173, ¶ 11, 883 N.W.2d 899 (discretion provided in a statute to dismiss a charge "under this section" applied to an offense actually charged under that statute, rather than a charge under a similar municipal code section). For purposes of N.D.C.C. § 39–08–01(2), the plain language requires a police officer to inform a driver of the ability to remedy refusal of the onsite screening test. Neither N.D.C.C. § 39–20–01(3) nor N.D.C.C. § 39–20–14(3), relating to administrative revocation, include a similar requirement to inform a driver of the ability to remedy as provided in N.D.C.C. § 39–08–01(2)(b). Although N.D.C.C. § 39–20–14(4) provides an individual's driving privileges must not be revoked for refusing to submit to a screening test "if the individual provides a sufficient breath, blood, or urine sample for a chemical test requested under section 39–20–01 for the same incident," there is no corresponding language that the driver must be so informed for purposes of the administrative revocation proceeding.

[¶ 17] Castillo argues the district court properly concluded the Department had failed to apply the plain language of N.D.C.C. § 39–08–01(2)(b), erroneously interpreting the law. Castillo contends that the "curative language" of N.D.C.C. § 39–08–01(2)(b) is a "necessary" part of the implied consent advisory, which must be read in concert with N.D.C.C. ch. 39-20, and that both advisories must be consid-

ered together to give meaning to the individual's informed decision. Castillo relies on *Throlson v. Backes*, 466 N.W.2d 124, 126 (N.D. 1991), which held there must be a valid request for testing under N.D.C.C. § 39–20–01 before there can be a refusal. Castillo's reliance on *Throlson*, however, is misplaced.

[¶ 18] In *Throlson*, 466 N.W.2d at 126-27, an administrative license suspension proceeding, the police officer did not inform the driver that he was or would be charged with driving under the influence or actual physical control, as required under N.D.C.C. § 39–20–01. Further, there was no evidence in the record to support a finding this information had been conveyed to the driver. *Id.* On the basis of this failure to comply with N.D.C.C. § 39–20–01, we held there had not been a "legally effective request for testing" for there to have been a "refusal" under N.D.C.C. ch. 39-20. *Id.* The present case, however, does not involve a failure to inform a driver as required under N.D.C.C. ch. 39-20. Rather, this case involves whether the additional information required under N.D.C.C. § 39–08–01(2)(b) must also be communicated to the driver for purposes of N.D.C.C. ch. 39-20.

[¶ 19] Castillo also relies on *State v. O'Connor*, 2016 ND 72, 877 N.W.2d 312, a criminal case, in which this Court affirmed the district court's suppression of Intoxilyzer test results based on the officer's "incomplete" implied consent advisory. Castillo asserts *O'Connor* supports providing a remedy in the administrative proceeding. In *O'Connor*, at ¶¶ 8-14, however, the police officer did not give the driver a complete chemical test advisory after his arrest as required under N.D.C.C. § 39–20–01, and our decision applied N.D.C.C. § 39–20–01(3), that the subsequent chemical test result would be inadmissible in the criminal proceeding.

[¶ 20] In this case, Castillo seeks a dismissal of the administrative revocation proceeding based on the officer's failure to inform him under N.D.C.C. § 39–08–01(2)(b) of his ability to remedy the refusal to take an onsite screening test, not for any specific failure to advise him consistent with N.D.C.C. ch. 39-20. Moreover, we have explained there are rights provided in a criminal proceeding that do not apply in an administrative proceeding. *See, e.g., Fasching v. Backes*, 452 N.W.2d 324, 325 (N.D. 1990) ("[T]his Court recognized that constitutional protections afforded in criminal proceedings are not applicable in administrative license-suspension proceedings."); *Holte v. N.D. State Highway Comm'r*, 436 N.W.2d 250, 252 (N.D. 1989) ("Generally, constitutional protections afforded in criminal proceedings are not applicable in administrative license-suspension proceedings."); *Holen v. Hjelle*, 396 N.W.2d 290, 294 (N.D. 1986) ("License suspension proceedings are an exercise of the police power for the protection of the public and not for punishment, and, generally, the wide range of constitutional protections afforded in a criminal proceeding are not applicable to those civil proceedings." (internal citation omitted)); *Pladson v. Hjelle*, 368 N.W.2d 508, 511 (N.D. 1985) ("The rights that the licensee may assert in a criminal proceeding are not applicable in implied-consent hearings under Chapter 39-20, N.D.C.C.").

[¶ 21] Although Castillo contends N.D.C.C. ch. 39-20 cannot be read in isolation, neither can this Court add language to the relevant statutes so as to be consistent with N.D.C.C. § 39–08–01(2)(b), which on its face applies to criminal proceedings. The language of N.D.C.C. § 39–08–01(2) limits the requirement to inform the individual of the ability to "remedy" an onsite screening refusal to whether the individual may be subject to the "offense under this

section," rather than barring any administrative revocation proceeding. Although there may be some logic in reading the statutes together to require one implied consent advisory, harmonizing the statutes in this case would in effect add language to N.D.C.C. ch. 39-20 to provide relief which the legislature could have specifically accomplished by amending the statute itself.

[¶ 22] Here, although it is undisputed Castillo was not informed he could remedy his refusal of the onsite screening test for purposes of N.D.C.C. § 39–08–01(2)(b), the record reflects Castillo was given informed consent advisories required in N.D.C.C. § 39–20–01 and N.D.C.C. § 39–20–14 for purposes of the administrative revocation proceeding. While the legislature could have specifically provided for dismissal of the administrative proceeding when an officer fails to inform a driver of the ability to remedy refusal of an onsite screening test, it did not.

### B

[¶ 23] Castillo argues the district court properly held the hearing officer incorrectly found the officer's failure to follow the statute was inconsequential and not prejudicial to Castillo. Because we have concluded N.D.C.C. ch. 39-20 does not require a driver be informed regarding the ability to remedy refusal of an onsite screening test for purposes of the administrative proceedings, we do not address this argument.

### IV

[¶ 24] We have considered the remaining issues and arguments and find them to be without merit or unnecessary to our opinion. The judgment is reversed, and the Department's decision revoking Castillo's driving privileges for 180 days is reinstated.

[¶ 25] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.