2017 ND 133

**Matthew MARMAN, Appellant**

**v.**

**Grant LEVI, Director of the North Dakota Department of Transportation, Appellee**

**No. 20160217**

Supreme Court of North Dakota.

Filed 6/7/2017

Thomas F. Murtha IV, Dickinson, ND, for appellant.

Douglas B. Anderson, Office of the Attorney General, Bismarck, ND, for appellee.

VandeWalle, Chief Justice.

[¶ 1] Matthew Marman appealed the district court's judgment affirming the Department of Transportation's suspension of his driving privileges for 180 days. Because Marman failed to rebut the prima facie evidence of the Report and Notice, we affirm.

I.

[¶ 2] Matthew Marman was the driver in a single vehicle crash in the early morning hours of September 17, 2015. Officer Cody Nuenthel of the North Dakota State Patrol responded to the scene of the accident to assist. When he arrived at the scene, Officer Nuenthel was advised by Deputy Thomas that he had arrested Marman for failing to perform an onsite screening test. Officer Nuenthel took custody of Marman and transported him to the local law enforcement center. At the center, Marman again refused to submit to a chemical test. Officer Nuenthel did not inform Marman of his ability to remedy his refusal of the onsite screening test by successfully completing the chemical test. Because Marman refused the onsite screening test, the Department suspended his driving privileges for 180 days.

[¶ 3] At the administrative hearing, Officer Nuenthel testified; Deputy Thomas did not testify. Officer Nuenthel testified to what he observed at the scene and also Deputy Thomas's observations which he relayed to Officer Nuenthel. Marman objected to the testimony, arguing it was hearsay. The hearing officer overruled the challenge and allowed the testimony. Following the hearing, the hearing officer concluded Officer Nuenthel had reason to believe Marman had driven while he was under the influence of alcohol and he refused the onsite screening test.

[¶ 4] Marman petitioned the hearing officer for reconsideration. The hearing officer upheld the suspension of Marman's driving privileges. Marman appealed to the district court, which affirmed Marman's suspension.

[¶ 5] On appeal, Marman argues four points: (1) law enforcement must advise individuals of their right to cure a test refusal in order for their license to be revoked; (2) the hearing officer erred in admitting hearsay testimony; (3) Officer Nuenthel did not have reasonable suspicion that Marman was under the influence of alcohol; and (4) North Dakota's implied consent and refusal statutes are unconstitutional because they allow unreasonable searches and seizures, deny substantive due process, and penalize the exercise of a constitutional right.

II.

[¶ 6] North Dakota Century Code ch. 28–32, the Administrative Agencies Practice Act, governs our review of the Department's administrative decision to suspend or revoke a driver's license. *Potratz v. N.D. Dep't of Transp.*, 2014 ND 48, ¶ 7, 843 N.W.2d 305. Under N.D.C.C. § 28-32-46, this Court must affirm the agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

■ [¶ 7] In *Deeth v. Dir., N.D. Dep't of Transp.*, 2014 ND 232, ¶ 10, 857 N.W.2d 86, we explained:

It is well established that we must afford "great deference" to the factual determinations made by an agency when reviewing the agency's findings of fact. Rather than making independent findings of fact, or substituting our judgment for that of the agency, our review is confined to determining whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. Although this Court's review is limited to the record before the administrative agency, the district court's analysis is entitled to respect if its reasoning is sound. An agency's conclusions on questions of law are subject to full review.

(internal citations and quotations omitted). "Whether the facts meet the legal standard, rising to the level of probable cause or reasonable and articulable suspicion, is a question of law fully reviewable on appeal." *Aamodt v. N.D. Dep't of Transp.*, 2004 ND 134, ¶ 12, 682 N.W.2d 308 (quoting *Dettler v. Sprynczynatyk*, 2004 ND 54, ¶ 10, 676 N.W.2d 799).

## A.

■ [¶ 8] Marman argues the officers were required to tell him he had the right to remedy his refusal before the Department could suspend his license for 180 days. Marman formulates his argument under N.D.C.C. § 39–08–01(2)(b), which requires law enforcement to inform individuals of the opportunity to remedy their refusal in order to be charged with a criminal refusal. Marman argues the language which requires officers to advise of the ability to cure in § 39–08–01(2)(b) should be transposed into § 39–20–14(3).

[¶ 9] In *Castillo v. N.D. Dep't of Transp.*, we held officers do not have to inform individuals of their right to remedy their refusal in order for the Department to suspend their license. 2016 ND 253, 888 N.W.2d 190. Therefore, we affirm.

## B.

■ [¶ 10] Marman argues the hearing officer improperly admitted hearsay evidence and, without the inadmissible evidence, the officer did not have reasonable suspicion to request an onsite screening test. At the administrative hearing, the hearing officer overruled Marman's objection to Officer Nuenthel testifying to Deputy Thomas's observations. We need not address whether the district court erred in admitting Officer Nuenthel's testimony. The Department's Report and Notice form was admitted without an objection on hearsay grounds and provides sufficient evidence to support the request for an onsite screening test.

[¶ 11] Section 39–20–14(1), N.D.C.C., authorizes law enforcement to request an onsite screening test if the officer "has reason to believe that the individual committed a moving traffic violation or was involved in a traffic accident as a driver, and in conjunction with the violation or the accident the officer has, through the officer's observations, formulated an opinion that the individual's body contains alcohol."

[¶ 12] In our recent decision in *Barrios–Flores v. Levi*, the majority of this Court upheld *State v. Baxter*, 2015 ND 107, 863 N.W.2d 208, and construed:

> N.D.C.C. § 39–20–14(1) to require reasonable suspicion of driving under the influence before a law enforcement officer may request a driver to submit to a pre-arrest warrantless onsite screening test of an individual's breath and a driver's license may be revoked for refusing a test based upon the officer's reasonable suspicion the person was driving under the influence.

2017 ND 117, ¶ 17, 894 N.W.2d 888.

[¶ 13] "The Department's Report and Notice form is admissible as prima facie evidence of its contents once it is forwarded to the director of the Department." *Dawson v. N.D. Dep't of Transp.*, 2013 ND 62, ¶ 23, 830 N.W.2d 221. Marman has "the burden to rebut the prima facie evidence contained in the report and notice form." *Gillmore v. Levi*, 2016 ND 77, ¶ 12, 877 N.W.2d 801.

[¶ 14] On the Report and Notice form, Officer Nuenthel checked the boxes indicating "crash," "odor of alcoholic beverage," and "poor balance," and explained it was a single vehicle crash, there was an odor present, and an open container. Marman's involvement as the driver in a single vehicle crash meets the first requirement under § 39–20–14(1). With the presence of an odor of an alcoholic beverage, poor balance, and open containers of alcohol, it was reasonable for law enforcement to formulate an opinion that Marman's body contained alcohol. Because the Report and Notice form provides sufficient evidence, which Marman does not rebut, that law enforcement observed signs of impairment and had some reason to believe the impairment was due to alcohol consumption, it was proper for Deputy Thomas to request an onsite screening test. Therefore, the hearing officer's determination to suspend Marman's license was in accordance with the law.

C.

[¶ 15] Lastly, Marman argues North Dakota's test refusal statute, N.D.C.C. § 39–08–01(1)(e), and implied consent law, N.D.C.C. ch. 39–20, violate the constitutional prohibition against unreasonable searches and seizures, deny substantive due process, and penalize the exercise of a constitutional right to withhold consent to a warrantless search or withdraw consent once given.

[¶ 16] This Court has addressed and rejected all of Marman's constitutional challenges in prior decisions. All of Marman's constitutional claims were raised in *Garcia v. Levi*, 2016 ND 174, 883 N.W.2d 901. In *Garcia*, we noted this Court had previously rejected such arguments, but again analyzed them in light of the recent Supreme Court decision in *Birchfield v. North Dakota*, —— U.S. ——, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016). 2016 ND 174, ¶¶ 20–22, 883 N.W.2d 901. We determined, under *Birchfield*, "our implied consent and test refusal laws are constitutional as applied to a warrantless breath test incident to arrest for being in actual physical control of a motor vehicle while under the influence of alcohol," and held "Garcia's constitutional rights were not violated and his arguments on appeal [were] without merit." *Id.* at ¶ 22.

[¶ 17] Additionally, in *Koehly v. Levi*, we specifically addressed Marman's "unconstitutional conditions" argument. 2016 ND 202, 886 N.W.2d 689. Koehly argued North Dakota's implied-consent law was an "unconstitutional condition" and violated both the United States Constitution and the North Dakota Constitution. *Id.* at ¶ 10. We dismissed Koehly's argument as to the United States Constitution, noting that in *Birchfield*, the Supreme Court had the opportunity to adopt the "unconstitutional conditions" doctrine, but declined to do so. *Id.* We further refused to apply the doctrine to North Dakota's Constitution as the issue was not adequately briefed because Koehly failed to show how art. I, § 20 of North Dakota's Constitution provided greater "protection than the Fourth Amendment of the federal constitution." *Id.* at ¶ 11.

[¶ 18] Because Marman has failed to show how North Dakota's Constitution provides greater protection than the Fourth Amendment, we do not revisit those constitutional claims.

### III.

[¶ 19] We affirm the district court's judgment affirming the suspension of Marman's driving privileges for 180 days.

[¶ 20] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

I concur in the result.

Daniel J. Crothers

[¶ 21] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.

Sandstrom, Surrogate Judge, concurring specially.

[¶ 22] For reasons set forth in my special concurrence in *Barrios–Flores v. Levi*, 2017 ND 117, 894 N.W.2d 888, I concur in the result here.

[¶ 23] Here, as in *Barrios–Flores*, there was probable cause to arrest before requesting the screening test. The utility of the screening test, however, is not limited to a determination of probable cause. Under N.D.C.C. § 39–20–14(3), the "results of such screening test must be used only for determining whether or not a further test shall be given under the provisions of section 39–20–01." Under N.D.C.C. § 39–20–01(1), a "further test" means "a chemical test, or tests, of the blood, breath, or urine for the purpose of determining the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine." If the person appears under the influence but the screening test reflects insufficient alcohol to cause the condition, the officer would appropriately choose a blood or urine test capable of determining other drugs in the person's system.

[¶ 24] Dale V. Sandstrom, S.J.