# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2020 ND 92

Gregory John Schwindt,                                                                 Appellant

　　　v.

Thomas Sorel, Director of the
North Dakota Department of Transportation,                          Appellee

### No. 20190245

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann Edward Greenwood, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Thomas F. Murtha IV, Dickinson, ND, for appellant.

Douglas B. Anderson, Assistant Attorney General, Bismarck, ND, for appellee.

**McEvers, Justice.**

[¶1]   Gregory Schwindt appeals from a district court judgment affirming a Department of Transportation hearing officer's revocation of his driving privileges for 180 days.  Schwindt argues North Dakota's implied consent and refusal laws are unconstitutional, the hearing officer erred by considering the results of the horizontal gaze nystagmus (HGN) test, and the hearing officer erred in finding he refused to take a chemical test.  We affirm.

I

[¶2]   On December 14, 2018, Highway Patrol Officer Thomas Steenstrup was dispatched to the scene of a crash involving a pickup truck and a semi-truck on Interstate 94.  Steenstrup spoke with Schwindt while Schwindt was seated in an ambulance.  Steenstrup noted an odor of alcohol and noticed Schwindt's eyes were bloodshot and watery.  Schwindt admitted that he was the driver of the pickup truck involved in the accident and that he had been drinking alcohol.  Steenstrup performed a HGN test on Schwindt and the results indicated that Schwindt was impaired.  Steenstrup read Schwindt the implied consent advisory for a screening test and requested he take an Alco-Sensor test.  Schwindt consented to the screening test.  The test was administered, and the results showed Schwindt failed the test.

[¶3]   Steenstrup arrested Schwindt for driving under the influence and read him the implied consent advisory for a chemical test.  Schwindt initially consented to a blood test.  Steenstrup met Schwindt at the hospital after Schwindt was transported there by ambulance.  Steenstrup read the implied consent advisory to Schwindt a second time, and Schwindt refused to take the blood test.

[¶4]   A Report and Notice was issued to Schwindt, and Schwindt requested a hearing.  An administrative hearing was held to determine whether Schwindt's driving privileges should be revoked.  The hearing officer found Steenstrup had reasonable grounds to believe Schwindt was driving or in actual physical

control of a motor vehicle while under the influence in violation of N.D.C.C. § 39-08-01, Schwindt was lawfully arrested, and he refused to submit to a blood test to measure his body's alcohol content. The hearing officer revoked Schwindt's driving privileges for 180 days.

[¶5] Schwindt petitioned for reconsideration. He argued that he had requested the hearing remain open pending review of written closing argument and submission of a squad video recording, he was unable to get a copy of the recording to the hearing officer before the close of the hearing due to technical difficulties, and he submitted the recording for review with his petition for reconsideration. The hearing officer reviewed the petition for reconsideration and the recording, and denied the petition.

[¶6] Schwindt appealed the hearing officer's decision to the district court. The court affirmed the hearing officer's decision revoking Schwindt's driving privileges.

II

[¶7] The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs our review of the Department of Transportation hearing officer's decision to suspend or revoke driving privileges. *Marman v. Levi*, 2017 ND 133, ¶ 6, 896 N.W.2d 241. We review the Department's decision in the same manner as the district court and affirm the decision unless:

> 1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46. We afford great deference to the agency's factual findings. *Marman*, at ¶ 7. We do not make independent findings of fact or substitute our judgment for that of the agency, and our review is limited to determining whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Id.* An agency's conclusions of law are fully reviewable on appeal. *Id.*

## III

[¶8] Schwindt argues North Dakota's implied consent and refusal laws are unconstitutional under the federal and state constitutions because the law requires a driver to consent to a warrantless request to take a chemical test and a screening test in return for the privilege to drive. He contends the laws violate the doctrine of unconstitutional conditions, due process, the Fourth Amendment of the United States Constitution, the Fourteenth Amendment of the United States Constitution, and article I, sections 8 and 20 of the North Dakota Constitution. He claims the hearing officer erred by considering the results of the pre-arrest screening test because the implied consent and refusal laws are unconstitutional. He also argues the implied consent and refusal laws are unconstitutional as applied under the circumstances of this case because he is being penalized for refusing to consent to a warrantless search of his blood.

[¶9] This Court has previously addressed Schwindt's constitutional arguments about the pre-arrest screening test and his claim that the implied consent laws are an unconstitutional condition. *See, e.g., Marman*, 2017 ND 133, ¶¶ 15-18, 896 N.W.2d 241 (considering constitutional arguments about refusals of onsite screening test and post-arrest chemical test, holding implied consent and refusal laws are not unconstitutional); *Barrios-Flores v. Levi*, 2017 ND 117, ¶ 17, 894 N.W.2d 888 (holding pre-arrest breath test does not violate the Fourth Amendment or N.D. Const. art. I, § 8).

3

[¶10] Schwindt also argues the refusal laws are unconstitutional facially and as applied to him. He contends he has a constitutional right to refuse to consent to a warrantless search of his blood and the refusal statutes violate the doctrine of unconstitutional conditions.

[¶11] In *Birchfield v. North Dakota*, 136 S.Ct. 2160, 2185-86 (2016), the Supreme Court held a motorist could not be deemed to have consented to a blood test on pain of committing a criminal offense, but also said its prior opinions referred approvingly to the general concept of implied consent laws that impose civil penalties on motorists who refuse to comply, and "nothing we say here should be read to cast doubt on them." The Supreme Court previously held revocation of a person's driving privileges as a penalty for refusing to take a blood-alcohol test is "unquestionably legitimate," assuming appropriate procedural protections. *South Dakota v. Neville*, 459 U.S. 553, 560 (1983).

[¶12] In *Beylund v. Levi*, 2017 ND 30, ¶ 23, 889 N.W.2d 907, we concluded the exclusionary rule does not require exclusion of the results of a warrantless blood test, which violated the motorist's Fourth Amendment rights, in civil administrative license suspension proceedings. We also held the implied consent laws do not violate the unconstitutional conditions doctrine, stating this Court had previously rejected the argument, the argument was also made to the Supreme Court in *Birchfield* and the Court declined to adopt that argument, and we continue to be unconvinced the implied consent laws violate the unconstitutional conditions doctrine. *Id.* at ¶ 27.

[¶13] Schwindt does not acknowledge this Court's prior cases on these issues, argue those cases should be reversed, or explain how this case or his argument is any different. We conclude Schwindt's constitutional rights were not violated and his arguments are without merit.

IV

[¶14] Schwindt argues the Department should have disregarded the results of the HGN test because the results were unreliable. He alleges that there was evidence he has multiple medical conditions that can cause nystagmus, and

therefore the test results are unreliable and the Department erred by considering the results.

[¶15] A hearing officer has broad discretion to control the admission of evidence at an administrative hearing, and the decision to admit or exclude evidence will not be reversed on appeal unless the hearing officer abused her discretion. *Ouradnik v. Henke*, 2020 ND 39, ¶ 19, 938 N.W.2d 392. An abuse of discretion occurs if a hearing officer acts in an arbitrary, unreasonable, or unconscionable manner, or the hearing officer misinterprets or misapplies the law. *Id.*

[¶16] This Court previously held it is generally accepted that a person will show a greater degree of nystagmus at higher levels of intoxication, a properly conducted HGN test can identify nystagmus, and expert testimony was not necessary to establish those widely accepted principles. *City of Fargo v. McLaughlin*, 512 N.W.2d 700, 706 (N.D. 1994). We also considered the argument that there may be other factors that cause a HGN test to be unreliable, including physiological causes for nystagmus, and concluded those factors can be shown through testimony and only go to the weight of the evidence, not its admissibility. *Id.* at 707.

[¶17] During the hearing, Schwindt asked Steenstrup about how a head injury could affect HGN results and objected to the admission of the evidence about the test for purposes of determining probable cause. The hearing officer overruled his objection. The hearing officer did not abuse her discretion by admitting the results of the HGN test and considering the evidence in making her decision.

V

[¶18] Schwindt argues law enforcement lacked probable cause to arrest him for driving under the influence without the results of the pre-arrest screening test and the HGN test.

[¶19] An arrest must be supported by probable cause. *Herrman v. Dir., N.D. Dep't of Transp.*, 2014 ND 129, ¶ 10, 847 N.W.2d 768. "Probable cause to arrest

a driver for driving under the influence of alcohol exists when the officer observes some signs of physical or mental impairment and has reason to believe the impairment is caused by alcohol." *Sutton v. N.D. Dep't of Transp.*, 2019 ND 132, ¶ 6, 927 N.W.2d 93 (quoting *Maisey v. N.D. Dep't of Transp.*, 2009 ND 191, ¶ 12, 775 N.W.2d 200). Whether probable cause exists depends on the particular facts and circumstances apparent to the officer at the time of the arrest. *Herrman*, at ¶ 10. "Detection of the odor of alcohol, observation of signs of impairment, and failure of field sobriety tests are relevant factors in determining probable cause to arrest a driver for driving under the influence of alcohol." *Id.* (quoting *City of Devils Lake v. Grove*, 2008 ND 155, ¶ 11, 755 N.W.2d 485). "Whether the facts meet the legal standard, rising to the level of probable cause or reasonable and articulable suspicion, is a question of law fully reviewable on appeal." *Marman,* 2017 ND 133, ¶ 7, 896 N.W.2d 241 (quoting *Aamodt v. N.D. Dep't of Transp.*, 2004 ND 134, ¶ 12, 682 N.W.2d 308).

[¶20] As we held above, the pre-arrest screening test did not violate Schwindt's constitutional rights, and the results of the HGN test were admissible. The hearing officer did not err in considering either test to determine whether probable cause existed.

[¶21] Evidence established Schwindt was involved in a motor vehicle accident, Steenstrup smelled an odor of alcohol upon walking up to the ambulance, Schwindt admitted to consuming alcohol, and Steenstrup noted Schwindt's eyes were bloodshot and watery. Schwindt failed the HGN test, and he also consented to a pre-arrest screening test, which results showed he failed the test. On this record, we conclude there was probable cause to arrest Schwindt for driving under the influence.

VI

[¶22] Schwindt argues the hearing officer erred by finding he refused to take a chemical test. He claims the implied consent advisory was incorrect or incomplete both times it was read to him; and once he agreed to take the blood test, it was inappropriate and a violation of due process to read the same advisory again and also prompt him to refuse by emphasizing there would be

no criminal charges for refusing. He also contends there is no recording showing he refused a chemical test.

[¶23] To the extent Schwindt now argues the implied consent advisories were incorrect or incomplete and therefore he cannot be considered to have refused testing, he failed to include that issue in his specification of errors in his appeal to the district court. Issues that are not identified in the specification of errors are waived and are not preserved for judicial review. *See Rounkles v. Levi*, 2015 ND 128, ¶¶ 10-11, 863 N.W.2d 910. *See also Ouradnik v. Henke*, 2020 ND 39, ¶ 15, 938 N.W.2d 392. Whether either implied consent advisory was incorrect or incomplete will not be addressed on appeal.

[¶24] Whether a driver refused to take a chemical test is a question of fact. *Obrigewitch v. Dir., N.D. Dep't of Transp.*, 2002 ND 177, ¶ 14, 653 N.W.2d 73.

[¶25] Steenstrup testified that he read Schwindt the implied consent advisory for a chemical blood test after he arrested Schwindt and that Schwindt initially consented to a blood test. Steenstrup testified that he re-read the implied consent advisory after they arrived at the hospital, that Schwindt refused the blood test, and that Schwindt never indicated he changed his mind about refusing the blood test. Schwindt did not testify. Schwindt submitted a video recording he alleged showed his encounter with law enforcement but did not show Steenstrup reading the advisory a second time or Schwindt refusing to submit to testing.

[¶26] The hearing officer found Schwindt refused to submit to a blood test. The hearing officer rejected Schwindt's arguments in the petition for reconsideration, stating she was not persuaded by the arguments or video evidence. We conclude the hearing officer's finding that Schwindt refused to submit to a chemical test is supported by a preponderance of the evidence.

VII

[¶27] We have considered the remaining issues and arguments and conclude they are either unnecessary to our decision or are without merit. We conclude the hearing officer's findings of fact are supported by a preponderance of the

evidence, the conclusions of law are sustained by the findings of fact, and the decision to revoke Schwindt's driving privileges is in accordance with the law. We affirm the district court's judgment.

[¶28]  Lisa Fair McEvers
Gerald W. VandeWalle
Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte