2017 ND 103

**Ryan Dean CRAWFORD, Appellant**

v.

**DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellee**

**No. 20160252**

Supreme Court of North Dakota.

Filed 4/25/2017

Michael R. Hoffman, P.O. Box 1056, Bismarck, N.D. 58502–1056, for appellant.

Andrew Moraghan, Assistant Attorney General, 500 North Ninth Street, Bismarck, N.D. 58501–4509, for appellee.

VandeWalle, Chief Justice.

[¶ 1] Ryan Crawford appealed from a district court judgment affirming a Department of Transportation decision suspending his driving privileges for two years. Crawford argues (1) the arresting officer did not have grounds to initially stop his vehicle, and (2) the results of a warrantless blood test should not have been admitted into evidence in the license suspension proceeding. We conclude the arresting officer had a reasonable and articulable suspicion to initially stop Crawford's vehicle. We also conclude that assuming Crawford's consent to the warrantless blood test was involuntary for purposes of this appeal, the exclusionary rule does not require suppression of the results of the blood test in this civil administrative license suspension proceeding under Beylund v. Levi, 2017 ND 30, 889 N.W.2d 907. We affirm.

I

[¶ 2] According to the arresting officer, he stopped a vehicle driven by Crawford for swerving over a centerline on a residential street in Bismarck in January 2016, and ultimately arrested Crawford for driving under the influence. After the officer read Crawford the implied consent advisory, Crawford submitted to a warrantless blood test incident to the arrest, and the result of that test indicated a blood alcohol concentration above the legal limit. Craw-

ford requested an administrative hearing on the Department's intended suspension of his license but did not testify at the hearing. After the administrative hearing, the Department suspended Crawford's driving privileges for two years. The district court affirmed the Department's decision.

## II

[¶ 3] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs our review of an administrative decision suspending or revoking a driver's license. E.g., Koehly v. Levi, 2016 ND 202, ¶ 15, 886 N.W.2d 689. Under N.D.C.C. § 28–32–49, we review an administrative appeal from a district court judgment in the same manner as provided under N.D.C.C. § 28–32–46, which requires a district court to affirm an agency order unless the order is not in accordance with the law, the order violates the constitutional rights of the appellant, the provisions of N.D.C.C. ch. 28–32 have not been complied with in the proceedings before the agency, the agency's rules or procedure have not afforded the appellant a fair hearing, the agency's findings of fact are not supported by a preponderance of the evidence, the agency's conclusions of law and order are not supported by its findings of fact, or the agency's findings of fact do not sufficiently address the evidence presented by the appellant. Koehly, at ¶ 15.

[¶ 4] In reviewing an agency's findings of fact, we do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind reasonably could have concluded the agency's findings were supported by the weight of the evidence from the entire record. Power Fuels, Inc. v. Elkin, 283 N.W.2d 214, 220 (N.D. 1979). We defer to the agency's opportunity to judge wit-

nesses' credibility. Koehly, 2016 ND 202, ¶ 16, 886 N.W.2d 689. Once the facts are established, their significance presents a question of law, which we review de novo. Bell v. N.D. Dep't of Transp., 2012 ND 102, ¶ 20, 816 N.W.2d 786. We review claimed violations of constitutional rights de novo. Martin v. N.D. Dep't of Transp., 2009 ND 181, ¶ 5, 773 N.W.2d 190.

## III

[¶ 5] Crawford argues the Department should not have suspended his license because the arresting officer did not have a reasonable and articulable suspicion to initially stop his vehicle. He claims a review of the officer's video of the stop establishes Crawford "twice slightly moving left in his vehicle as he is driving, but it does not show him hitting the center line even once." Crawford argues the hearing officer's finding of fact that he hit the center dividing line is not supported by a preponderance of the evidence. The Department responds that based on the evidence presented at the administrative hearing, a reasoning mind reasonably could have concluded the arresting officer observed Crawford's vehicle swerve left over the centerline and the officer thus had a reasonable and articulable suspicion to initially stop Crawford's vehicle for a traffic violation.

[¶ 6] " '[T]raffic violations, even if considered common or minor, constitute prohibited conduct and, therefore, provide officers with requisite suspicion for conducting investigatory stops.' " State v. Fields, 2003 ND 81, ¶ 7, 662 N.W.2d 242 (quoting State v. Storbakken, 552 N.W.2d 78, 80–81 (N.D. 1996)). See Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (law enforcement officer's decision to initially stop an automobile is reasonable when the officer

has probable cause to believe a traffic violation has occurred).

[¶ 7] Although Crawford claims a video of the traffic stop shows he did not cross or hit the center dividing line of the street even once, the arresting officer testified at the administrative hearing that he observed Crawford's vehicle cross the centerline of the street. Our review of the video of the traffic stop does not contradict the arresting officer's testimony, and we do not reweigh that evidence or reassess the arresting officer's credibility. A reasoning mind could reasonably conclude the police officer observed Crawford's vehicle crossing the centerline, which supports the conclusion the officer had a reasonable and articulable suspicion to initially stop Crawford's vehicle for a traffic violation. See N.D.C.C. §§ 39–10–01.1 and 39–10–08(1) (subject to exceptions not applicable here, failing to drive on right side of roadway is class B misdemeanor). We conclude the hearing officer's determination is supported by a preponderance of the evidence and supports the Department's decision.

## IV

[¶ 8] Crawford argues he did not voluntarily consent to the warrantless blood test incident to his arrest and his driving privileges should be reinstated. He argues the implied consent advisory was a misstatement of the law and his consent to the warrantless blood test incident to his arrest was not knowingly, freely, and voluntarily given.

[¶ 9] In Beylund, 2017 ND 30, ¶ 1, 889 N.W.2d 907, we recently assumed two drivers' consent to warrantless blood tests incident to arrests was involuntary for purposes of those appeals, and we concluded the exclusionary rule did not require suppression of the results of the warrantless blood tests in civil administrative license suspension proceedings. We rejected the drivers' reliance on the general provisions of N.D.C.C. §§ 28–32–24(3) and 28–32–46(2) to support their argument for exclusion of the blood test results. Beylund, at ¶¶ 24–26. We said those cases involved the admissibility of blood test results, which the legislature has directed must be received into evidence under N.D.C.C. § 39–20–07(5) when the sample was properly obtained and the test fairly administered. Beylund, at ¶ 25. Under N.D.C.C. § 39–20–07(8), a certified copy of an analytical report of a blood analysis issued by the state crime laboratory must be accepted as prima facie evidence of the results of a chemical analysis performed under N.D.C.C. ch. 39–20 and satisfies the directives of N.D.C.C. § 39–20–07(5). In Beylund, at ¶ 25, we concluded the specific statutory procedures for administrative license proceedings and the civil nature of those proceedings did not require the exclusion of blood test results in the administrative proceedings.

[¶ 10] Factual questions arise when a driver argues on appeal his or her consent to a blood test was involuntary but did not testify at the administrative hearing. See Hammeren v. N.D. State Highway Comm'r, 315 N.W.2d 679, 680–84 (N.D. 1982) (stating that whether driver is confused is question of fact and refusing to adopt per se rule for confusion where driver does not testify at administrative hearing and no evidence of confusion exists); State v. Fields, 294 N.W.2d 404, 409–10 (N.D. 1980) (holding Miranda warning applies to arrests for driving under the influence and discussing confusion that could result in the context of Miranda warning and request to submit to blood test); Agnew v. Hjelle, 216 N.W.2d 291, 294–98 (N.D. 1974) (discussing claim for confusion resulting from Miranda warning and request to submit to breathalyzer test in context of whether driver knowingly re-

fused to submit to test where driver did not testify at administrative hearing). Nevertheless, under Beylund and for purposes of this appeal, we assume Crawford's consent to the warrantless blood test was involuntary, and we conclude the exclusionary rule and North Dakota law does not require the suppression of his blood test results in this civil administrative license suspension proceeding.

## V

[¶ 11] We affirm the judgment.

[¶ 12] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Jerod E. Tufte

I concur in the result.

Daniel J. Crothers