# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 261

Wilbur Paul Hunts Along,                                                            Appellant

v.

Director, North Dakota Department
of Transportation,                                                                   Appellee

No. 20180146

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Michael R. Hoffman, Bismarck, ND, for appellant.

Michael T. Pitcher, Office of Attorney General, Bismarck, ND, for appellee.

**Hunts Along v. N.D. Dep't of Transportation**
**No. 20180146**

**VandeWalle, Chief Justice.**

[¶1]    Wilbur Paul Hunts Along appealed from a judgment affirming the Department of Transportation's revocation of his driving privileges for two years. Hunts Along argues the Department failed to show that Hunts Along refused to submit to testing "under section . . . 39-20-14," and therefore revocation under N.D.C.C. § 39-20-04(1) was improper. We conclude the Department did not err in finding that Hunts Along refused to submit to an onsite screening test in violation of N.D.C.C. § 39-20-14. We affirm.

I

[¶2]    In October 2017, a police officer initiated a traffic stop on a vehicle in Dunn County after receiving a call about an erratic driver and personally observing the vehicle cross the center line three times. The officer made contact with the driver, Hunts Along, who had red, bloodshot eyes. Hunts Along denied consuming alcohol and stated he was upset because he was following an ambulance carrying his brother. The vehicle had an odor of alcohol and the officer observed an open can of beer on the passenger floorboard. Hunts Along agreed to perform the horizontal gaze nystagmus test, which he failed, but refused additional testing. The officer read Hunts Along his *Miranda* rights and the implied consent advisory pertaining to an onsite screening test.  Hunts Along refused the onsite screening test. The officer arrested Hunts Along for driving while under the influence and read the implied consent advisory regarding the chemical breath test. Hunts Along refused to take a chemical breath test.

[¶3]    At the administrative hearing on revocation of Hunts Along's drivers license, the hearing officer found that Hunts Along refused to submit to the onsite screening test. Hunts Along objected that the record did not show the screening test offered to Hunts Along was a screening test under N.D.C.C. § 39-20-14. The hearing officer

1

overruled the objection. Because refusal of the onsite screening test resulted in the revocation of Hunts Along's drivers license, the hearing officer did not rule on the issue of refusal of the chemical breath test. Hunts Along requested judicial review of the decision. The district court affirmed the hearing officer's decision.

II

[¶4]    When reviewing license suspensions under N.D.C.C. § 39-20-05, we consider the record of the administrative agency rather than the district court's ruling. *Grosgebauer v. N.D. Dep't of Transp.*, 2008 ND 75, ¶ 7, 747 N.W.2d 510. This Court must affirm an agency order unless the order is not in accordance with the law, the order violates the constitutional rights of the appellant, the provisions of N.D.C.C. ch. 28-32 have not been complied with in the proceedings before the agency, the agency's rules or procedure have not afforded the appellant a fair hearing, the agency's findings of fact are not supported by a preponderance of the evidence, the agency's conclusions of law and order are not supported by its findings of fact, or the agency's findings of fact do not sufficiently address the evidence presented by the appellant. *Crawford v. Director, N.D. Dep't of Transp.*, 2017 ND 103, ¶ 3, 893 N.W.2d 770; *see* N.D.C.C. §§ 28-32-46 and 28-32-49.

[¶5]    In reviewing an agency's findings of fact, we do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind reasonably could have concluded the agency's findings were supported by the weight of the evidence from the entire record. *Crawford,* 2017 ND 103, ¶ 4, 893 N.W.2d 770. "When an appeal involves the interpretation of a statute, a legal question, this Court will affirm the agency's order unless it finds the agency's order is not in accordance with the law." *Harter v. N.D. Dep't of Transp.*, 2005 ND 70, ¶ 7, 694 N.W.2d 677. We construe statutes to avoid absurd or illogical results. *State v. Hirschkorn*, 2016 ND 117, ¶ 11, 881 N.W.2d 244. Statutes are to be construed in a practical manner with consideration given to the context of the statutes and the purposes for which they were enacted. *McDowell v.*

*Gillie*, 2001 ND 91, ¶ 11, 626 N.W.2d 666. Questions of law are reviewed de novo. *McCoy v. N.D. Dep't of Transp.*, 2014 ND 119, ¶ 8, 848 N.W.2d 659.

III

[¶6]    Hunts Along argues N.D.C.C. §§ 39-20-04 and 39-20-14 require the Department to prove at the administrative hearing that the unperformed screening and chemical tests would have complied with statutory requirements. Section 39-20-04, N.D.C.C., applies "[i]f a person refuses to submit to testing under section 39-20-01 or 39-20-14" and provides a right to an administrative hearing. N.D.C.C. § 39-20-04(1). For a refusal, the administrative hearing "is limited to whether the officer had reasonable grounds to stop [the driver] and to believe that his 'body contained alcohol,' whether [the driver] was lawfully arrested, and whether [the driver] refused to submit to testing." *N.D. Dep't of Transp. v. DuPaul*, 487 N.W.2d 593, 598 (N.D. 1992) (*quoting* N.D.C.C. § 39-20-04). "Whether a person refused to submit to a chemical test is a question of fact." *City of Bismarck v. Bullinger*, 2010 ND 15, ¶ 8, 777 N.W.2d 904. An individual's "refusal to submit to an onsite chemical screening is alone sufficient to revoke his license . . . ." *Wetsch v. N.D. Dep't of Transp.*, 2004 ND 93, ¶ 7, 679 N.W.2d 282.

[¶7]    We have held that "if a person refuses to cooperate with an operator's attempt to follow the State Toxicologist's approved methods, the person cannot thereafter challenge the foundation for admissibility of the test results on the ground that the approved methods were not followed." *Bryl v. Backes*, 477 N.W.2d 809, 814 (N.D. 1991). In *Bryl*, the Court held that the approved method of administering a breath test was followed "but for" the appellant's deliberate actions and thus the appellant could not challenge the results. *Id.* In this case, but for Hunts Along's deliberate action in refusing the screening test, a test would have been given and foundational documentation of the test's compliance with approved methods would have been available. Because Hunts Along "refuse[d] to cooperate" with the officer's attempt to perform a test under the approved methods, North Dakota law does not allow him to now challenge the foundation for a test that was not performed.

3

[¶8]   Although the State might, as a matter of course, file all materials ordinarily submitted following a chemical test, we cannot logically construe the statutes to require the State to provide foundational evidence for a test which was refused, thus making the foundational evidence irrelevant. Other states with statutes akin to N.D.C.C. § 39-20-14 have reached similar conclusions where a driver attempts to dispute the validity or proper procedure of a refused chemical test. *See* MO. REV. STAT. § 577.041 (2017) and S.C. CODE ANN. § 56-5-2951 (2016).

[¶9]   Missouri courts have repeatedly held that "in a refusal case the Director does not have to prove that the results of the breath test would have otherwise been admissible had the driver submitted to the test." *Bess v. Dir. of Revenue*, 345 S.W.3d 380, 385 (Mo. Ct. App. 2011). If a driver refuses to take a breath test, proof of procedural compliance is not an issue. *Fredrickson v. Dir. of Revenue, State of Mo.*, 55 S.W.3d 460, 464-65 (Mo. Ct. App. 2001); *see also Fischbeck v. Dir. of Revenue*, 91 S.W.3d 699, 701 (Mo. Ct. App. 2002). "Only when a breathalyzer test is offered to establish blood alcohol content is the director obligated to prove foundational prerequisites . . . ." *Orr v. Director of Revenue*, 54 S.W.3d 201, 202 (Mo. Ct. App. 2001). "When a driver refuses the [breath] test, it is none of the driver's concern whether the test would have been valid if given." *Bess*, 345 S.W.3d at 385.

[¶10]  South Carolina courts have similarly held that the State does not have to prove proper procedures were followed when a driver refuses to take a breath test. *See State v. Jansen*, 408 S.E.2d 235, 237 (S.C. 1991). The "precautions are intended to ensure that the results of the breathalyzer test if given are accurate and reliable as evidence . . . and the precautions are pointless when the test is not given." *State v. Elwell*, 721 S.E.2d 451, 453 (S.C. Ct. App. 2011). If the breath test is not administered, credibility disputes will not arise. *Id*.; *see also State v. Hercheck*, 743 S.E.2d 798, 802 (S.C. 2013). "Once [a driver] refuses the breath test, the evidence gathering portion is over." *State v. Elwell*, 743 S.E.2d 802, 806 (S.C. 2013). To require officers to complete breath test procedures after a refusal "would result in the officer having to undergo a useless and absurd act." *Id*.

4

[¶11] Because Hunts Along refused the onsite chemical test, he cannot now challenge the evidentiary foundation of a test that was not performed because of his own decision. *Bryl v. Backes*, 477 N.W.2d 809, 814 (N.D. 1991). Based on Hunts Along's refusal, the hearing officer had sufficient grounds under N.D.C.C. § 39-20-14 to revoke his drivers license. *See Wetsch v. N.D. Dep't of Transp.*, 2004 ND 93, ¶ 7, 679 N.W.2d 282.

IV

[¶12]   We affirm the judgment.

[¶13]   Gerald W. VandeWalle, C.J.
        Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte