# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 132

Drew Park Sutton, 

Plaintiff and Appellant

v.

North Dakota Department of Transportation, 

Defendant and Appellee

No. 20180427

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Danny L. Herbel, Bismarck, N.D., for plaintiff and appellant; submitted on brief.

Michael T. Pitcher, Assistant Attorney General, Bismarck, N.D., for defendant and appellee; submitted on brief.

**Tufte, Justice.**

[¶1]    Drew Sutton appeals from a district court judgment affirming the Department of Transportation ("Department") hearing officer's decision revoking Sutton's driver's license for 180 days. Sutton argues the Report and Notice did not include a statement of reasonable grounds for why the police officer believed Sutton was driving under the influence of alcohol or why he believed Sutton's body contained alcohol. Sutton argues both alleged failures fall below the statutory requirements. He also argues there is no evidence that he affirmatively refused the onsite screening test. We affirm the district court judgment affirming the hearing officer's decision.

I

[¶2]    Officer Craig Ware stopped Sutton for exceeding the posted speed limit on a motorcycle. Officer Ware noticed the smell of alcohol coming from Sutton and saw his eyes were bloodshot and watery and his facial movements were slow. Sutton admitted he had been drinking, but "not very much," and later specified that he'd had "two short beers earlier." When Officer Ware took Sutton back to the patrol car, the odor of alcohol persisted and Sutton's speech was slurred. Officer Ware asked Sutton to perform field sobriety tests, but Sutton refused. Officer Ware read Sutton the implied consent advisory and requested he comply with an onsite screening breath test. Officer Ware testified that Sutton declined to submit to the test but that he could not recall how Sutton expressed his refusal.

[¶3]    Officer Ware placed Sutton under arrest for driving under the influence and then read the Report and Notice implied consent advisory to Sutton and requested he provide a breath sample. The advisory was read multiple times throughout the duration of the interaction, including after Sutton had the opportunity to contact an attorney; Sutton never clearly affirmed or denied his willingness to comply. When Officer Ware asked Sutton for a breath sample, Sutton replied, "I don't know," and

later that he "was scared." Officer Ware testified Sutton seemed "unsure of . . . his testing obligation" and "what he was required to do." Officer Ware determined Sutton had effectively refused the breath test "by actions" because he failed to provide a straight answer. Officer Ware told Sutton he was charged with refusal of a chemical test, and Sutton was issued a Report and Notice. The Department held a hearing, and Sutton's license was revoked for 180 days.

II

[¶4] The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs the standard of review for an administrative hearing suspending or revoking a driver's license. *DeForest v. N.D. Dep't of Transp.*, 2018 ND 224, ¶ 5, 918 N.W.2d 43. We review the department's original determination, not the district court's decision. *Id.*; *Crawford v. Director, N.D. Dep't of Transp.*, 2017 ND 103, ¶ 3, 893 N.W.2d 770. If the district court's analysis is sound, we give it due respect. *Roberts v. N.D. Dep't of Transp.*, 2015 ND 137, ¶ 4, 863 N.W.2d 529.

> Our review is limited and we give great deference to the agency's findings. We do not make independent findings of fact or substitute our judgment for that of the agency; instead, we determine whether a reasoning mind reasonably could have concluded the findings were supported by the weight of the evidence from the entire record.

*DeForest*, at ¶ 5. This Court defers to the "agency's opportunity to judge witnesses' credibility." *Crawford*, at ¶ 4. Once the facts have been established by the administrative hearing officer, "their significance presents a question of law, which we review de novo." *DeForest*, at ¶ 5. Just as the district court reviews an administrative agency appeal under N.D.C.C. § 28-32-46, we review the appeal of an administrative decision from a district court in the same manner under N.D.C.C. § 28-32-49. *Crawford*, at ¶ 3. This Court must affirm the agency's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of chapter 28-32 have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

2

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*DeForest*, at ¶ 5 (quoting N.D.C.C. § 28-32-46).

### III

[¶5] Sutton argues the Report and Notice did not sufficiently state reasonable grounds for Officer Ware to believe he was driving under the influence of alcohol as required by N.D.C.C. § 39-20-04. "Whether the facts meet the legal standard, rising to the level of probable cause or reasonable and articulable suspicion, is a question of law fully reviewable on appeal." *Aamodt v. N.D. Dep't of Transp.*, 2004 ND 134, ¶ 12, 682 N.W.2d 308. "The Department's authority to suspend a person's license is given by statute and is dependent upon the terms of the statute. The Department must meet the basic and mandatory provisions of the statute to have authority to suspend a person's driving privileges." *Schock v. N.D. Dep't of Transp.*, 2012 ND 77, ¶ 27, 815 N.W.2d 255 (internal citation omitted). *Aamodt* discusses N.D.C.C. § 39-20-03.1(3), a statute that at the time was similar to the current N.D.C.C. § 39-20-04(01) at issue here. 2004 ND 134, ¶ 14, 682 N.W.2d 308. The issue in *Aamodt* was whether the "reasonable grounds" requirement of the statute was a "basic and mandatory provision." *Id*. at ¶¶ 14-15. We held that "reasonable grounds" is a basic and mandatory provision the Department must meet before it can take away an individual's driver's license. *Id*. at ¶¶ 23, 25, 26. We explained further in *Morrow v. Ziegler*:

> [T]he officer must first form the opinion that the person's body contains alcohol before the implied consent provision applies. Without that opinion, the Department has no authority to suspend a person's privilege to drive for refusal. If the Report and Notice does not inform the Department of that opinion, the Department does not have the

requisite information to suspend the driver's license. Therefore, the requirement is basic and mandatory.

2013 ND 28, ¶ 9, 826 N.W.2d 912 (internal citations omitted).

[¶6] In *Morrow*, where the officer, who did not believe that Morrow was intoxicated enough to be guilty of driving under the influence, wrote "N/A" in the probable cause to arrest section, *id.* at ¶¶ 3-4, we concluded the Report and Notice was deficient. *Id.* at ¶ 12. We stated the report was "devoid of any indication that the driver's body contained alcohol" and rejected the argument that the officer implicitly formed an opinion that the driver's body contained alcohol by checking the "refused onsite screening test" box and certifying the report as true and correct because arguably such an opinion would be needed prior to requesting onsite screening. *Id.* "Allowing the Department to infer elements that are basic and mandatory without any factual basis on the report to support the inference slants the law too much toward the Department's convenience. The report must in some way convey that the officer believed the person's body contained alcohol." *Id.* This may be accomplished by either "a direct statement or by the officer's observations that led [him] to the belief." *Id.* "Probable cause to arrest a driver for driving under the influence of alcohol exists when the officer observes some signs of physical or mental impairment and has reason to believe the impairment is caused by alcohol." *Maisey v. N.D. Dep't of Transp.*, 2009 ND 191, ¶ 12, 775 N.W.2d 200. In *Maisey*, the officer had checked the boxes "odor of alcoholic beverage," "poor balance," and "failed field sobriety test(s)." *Id.* at ¶ 13. We held that was enough to show probable cause that the driver was impaired and the impairment was caused by alcohol. *Id.* Here, Officer Ware marked the "odor of alcoholic beverage" box, wrote Sutton "declined the field sobriety tests," marked the "traffic violation" box, wrote the violation occurred because Sutton "exceeded posted speed limit," marked the "refused onsite screening test" box, and marked the "refused" chemical breath test box.

[¶7] Sutton argues that Officer Ware did not describe in the report reasonable grounds to believe Sutton's body contained alcohol. Unlike *Morrow*, Officer Ware indicated on the report that Sutton refused onsite testing and checked the box stating

4

"odor of alcoholic beverage." Sutton argues the lack of explanation as to where the alcoholic odor was emanating from renders the report deficient for probable cause because such an odor could be coming from any number of locations, not just Sutton's body. Although Officer Ware testified to physical signs of Sutton's alcohol impairment, nothing was included in the report, and we do not allow hearing testimony to aid a report that is deficient. *See Aamodt*, 2004 ND 134, ¶¶ 21, 25, 682 N.W.2d 308 (stating that reasonable grounds needed to be present in the report before taking away someone's driving privileges even where the Department argued that all the necessary information came to light through testimony); *Morrow*, 2013 ND 28, ¶ 12, 826 N.W.2d 912 (determining the report was deficient, this Court said that the "report must in some way convey that the officer believed the person's body contained alcohol"). The issue here is whether the report contained enough information to constitute "reasonable grounds" when Officer Ware checked the "odor of alcoholic beverage" box, wrote "declined field sobriety tests," checked the "traffic violation box," wrote Sutton "exceeded posted speed limit," and marked the "refused onsite screening test" and "refused" chemical breath test boxes without further explanation. Our cases indicate that the Report and Notice typically includes more specific information than is present here. *See Olson v. Levi*, 2015 ND 250, ¶ 9, 870 N.W.2d 222 (summarizing several cases on the topic); *Maisey*, 2009 ND 191, ¶ 13, 775 N.W.2d 200.

[¶8] We determine the report at issue here contained reasonable grounds for the officer to believe that Sutton was impaired and his body contained alcohol, as required under N.D.C.C. § 39-20-04(01) and *Morrow*, 2013 ND 28, ¶ 12, 826 N.W.2d 912. The Report and Notice is used by the Department in deciding whether to suspend a person's driving privileges by "determin[ing] whether there were reasonable grounds to believe the person was driving or was in actual physical control of a vehicle while under the influence of alcohol, whether the person was properly tested, and whether the person's blood-alcohol level exceeded the legal limit." *Schock*, 2012 ND 77, ¶ 35, 815 N.W.2d 255 (citing N.D.C.C. § 39-20-05). The report here did so

5

by indicating that there was an odor of alcohol, that Sutton was exceeding the speed limit, and that he refused onsite screening. The report gave Sutton adequate notice of what was at stake and what the "officer was relying on." *Aamodt*, 2004 ND 134, ¶ 25, 682 N.W.2d 308. In addition, the Report and Notice stated Sutton was "lawfully arrested and informed that he . . . will be charged with the offense of driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor or drugs," was "advised by law enforcement of the implied consent advisory for a screening test" and for a "chemical breath . . . test," and was issued a temporary driver's permit. *See* N.D.C.C. § 39-20-03.1(3); *Ike v. Director, N.D. Dep't of Transp.*, 2008 ND 85, ¶ 7, 748 N.W.2d 692 (stating issuance of temporary permit is "intended by the Legislature to satisfy due process requirements for notice to the driver"). We hold the Report and Notice met the statutory requirements.

IV

[¶9] Sutton also argues the record does not show he affirmatively refused the onsite screening test, because Officer Ware does not recollect whether there was an express denial. "An affirmative refusal to submit to a chemical test must be clear and unequivocal." *State v. Johnson*, 2009 ND 167, ¶ 10, 772 N.W.2d 591. "Whether a driver has refused to submit to a chemical test is a question of fact." *Gardner v. N.D. Dep't of Transp.*, 2012 ND 223, ¶ 15, 822 N.W.2d 55. "Failure to submit to a test, whether by stubborn silence or by a negative answer, can be a refusal. A physical failure to cooperate may also amount to a refusal." *Id.* (internal citation omitted). Sutton was given an opportunity to contact an attorney, was read the implied consent advisory multiple times, and when asked to take a chemical breath test stated that "I don't know" and that he "was scared." Officer Ware testified that Sutton refused to provide a breath sample. Once the Report and Notice is forwarded to the director of the Department, it is prima facie evidence of its contents. *Marman v. Levi*, 2017 ND 133, ¶ 13, 896 N.W.2d 241. The report states Sutton refused the onsite screening test. Sutton bears the burden to rebut this prima facie evidence of refusal. *Marman*, at ¶ 13.

6

[¶10]   In *Gillmore v. Levi*, this Court held that because Gillmore did not testify that the officer failed to read the advisory, Gillmore failed to rebut the evidence in the report showing the officer did give Gillmore the implied consent advisory. 2016 ND 77, ¶ 12, 877 N.W.2d 801. As in *Gillmore*, where the officer testified but the driver did not, Officer Ware was the only witness who testified at the hearing. Under our standard of review, this Court gives "'great deference' to the factual determinations made by an agency when reviewing the agency's findings of fact." *Marman*, 2017 ND 133, ¶ 7, 896 N.W.2d 241. Here the hearing officer determined Sutton refused the onsite screening and chemical breath tests. Because a "reasoning mind reasonably could have concluded the findings were supported by the weight of the evidence from the entire record," we affirm the agency's conclusion that Sutton refused to submit to the screening tests.

V

[¶11]   We affirm the district court judgment affirming the hearing officer's decision to revoke Sutton's driver's license for 180 days.

[¶12]   Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.

7