# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 10

Nicholas Reineke,                                                                                 Appellant

v.

NDDOT Director,                                                                                 Appellee

### No. 20190250

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

REVERSED, VACATED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Robert J. Woods, Forest River, ND, for appellant (on brief).

Michael T. Pitcher, Office of Attorney General, Bismarck, ND, for appellee (on brief).

**Crothers, Justice.**

[¶1] Nicholas Reineke appeals a district court judgment affirming the administrative hearing officer's decision to suspend his driver's license for 365 days. We reverse the district court judgment, vacate the hearing officer's order, and remand for the Department to administer the suspension according to law.

I

[¶2] On May 4, 2019, Reineke was arrested for driving under the influence of intoxicating liquor. On May 5, 2019, a temporary operator's permit was issued to Reineke. On May 15, 2019, Reineke requested an administrative hearing. The envelope containing Reineke's request was returned undeliverable due to an incorrect mailing address for the Department of Transportation. Reineke argues he renewed the request for hearing when he resent the request to the correct mailing address on May 23, 2019. On May 31, 2019, an administrative proceeding occurred without providing Reineke notice and without him present. The hearing officer concluded the Department did not have jurisdiction to grant Reineke an administrative hearing because he did not request a hearing in time as required by statute. The hearing officer suspended his license for 365 days. The district court affirmed.

[¶3] On appeal, Reineke argues the hearing officer erred in conducting the May 31, 2019 hearing without giving notice and the opportunity to be heard.

## II

[¶4]  "The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs our review of an administrative decision suspending or revoking a driver's license." *Crawford v. Director, N.D. Dep't of Transp.*, 2017 ND 103, ¶ 3, 893 N.W.2d 770. "We review the department's original determination, not the district court's decision." *Sutton v. N.D. Dep't of Transp.*, 2019 ND 132, ¶ 4, 927 N.W.2d 93. "This Court must affirm the agency's decision unless:

> '1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of chapter 28-32 have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
> 8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.'"

*Id.* (citing *DeForest v. N.D. Dep't of Transp.*, 2018 ND 224, ¶ 5, 918 N.W.2d 43) (quoting N.D.C.C. § 28-32-46).

## III

[¶5]  Reineke argues the hearing officer erred in conducting the May 31, 2019 adjudicative hearing without giving notice and the opportunity to be heard. In his reply brief Reineke asserts a hearing was conducted and jurisdiction was

assumed once the hearing officer conducted the hearing. As a result, he requests the hearing officer's order be reversed and his driving privileges reinstated.

[¶6] The Director argues the court lacks subject matter jurisdiction over Reineke's appeal because he did not make a timely request for an administrative hearing.

[¶7] Section 39-20-05(1), N.D.C.C., guides requesting a hearing and the procedure to administratively revoke a driver's license when a request is not timely. It states:

> "Before issuing an order of suspension, revocation, or denial under section 39-20-04 or 39-20-04.1, the director shall afford that person an opportunity for a hearing *if* the person *mails or communicates* by other means authorized by the director a request for the hearing to the director *within ten days* after the date of issuance of the temporary operator's permit. . . . *If no hearing is requested within the time limits in this section . . . the expiration of the temporary operator's permit serves as the director's official notification to the person of the revocation, suspension, or denial of driving privileges in this state.*"

(Emphasis added.)

[¶8] Here, a request for hearing was not made within the time limits of N.D.C.C § 39-20-05(1). Section 39-01-01(39), N.D.C.C., defines "mail" as, "to deposit mail properly addressed and with postage prepaid with the United States postal service." Reineke did not properly address the envelope with his first request for a hearing. Consequently, under N.D.C.C. § 39-01-01(39) he did not "mail" it. The second request was postmarked May 23, 2019, and was not within ten days of May 5, 2019. Therefore, Reineke's requests were untimely

3

because he did not mail them within ten days of receiving the temporary operator's permit.

[¶9] Notwithstanding the lack of a timely request, a hearing was held. At that proceeding the hearing officer concluded the Department did not have jurisdiction to grant the hearing. The hearing officer nevertheless issued an order suspending Reineke's driving privileges for 365 days.

[¶10] Section 39-01-01.1, N.D.C.C., gives the Department jurisdiction over the suspension of licenses. *See Kouba v. State*, 2004 ND 186, ¶ 7, 687 N.W.2d 466 ("The authority to issue and suspend driver's licenses rests with the State of North Dakota and is delegated by the State to the North Dakota Department of Transportation."). Therefore, the hearing officer was not correct in concluding the Department did not have jurisdiction over the suspension of licenses. Rather, the question is whether the Department's jurisdiction was properly invoked so that the hearing officer had authority to conduct the hearing. *See Aamodt v. N.D. Dep't of Transp.*, 2004 ND 134, ¶ 15, 682 N.W.2d 308 ("The Department must meet the basic and mandatory provisions of the statute to have authority to suspend a person's driving privileges.").

[¶11] Here, Reineke's untimely request for a hearing did not invoke the Department's jurisdiction for a hearing. Therefore, the Department and the hearing officer did not have authority to hold the hearing. The only authority the Department had was to administratively revoke Reineke's license as outlined in N.D.C.C. § 39-20-05(1), after expiration of the temporary operator's permit. Because the hearing officer did not follow N.D.C.C. § 39-20-05(1) the order is not in accordance with the law.

IV

[¶12] We reverse the district court judgment, and vacate the hearing officer's order. We reject Reineke's request to reverse the hearing officer's decision and reinstate his driving privileges, and remand for the Department to administer suspension of Reineke's driving privileges according to law.

[¶13] Daniel J. Crothers
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.