# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 193

Brandon James Jorgenson,                                                 Appellee

     v.

Thomas Sorel, Director of
the North Dakota Department
of Transportation,                                                      Appellant

## No. 20190411

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Thomas F. Murtha, Dickinson, N.D., for appellee.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for appellant.

**Tufte, Justice.**

[¶1] The Department of Transportation appeals from a district court judgment that reversed a hearing officer's decision suspending Brandon Jorgenson's driving privileges for 180 days. The Department argues the court erred in determining that, regardless of whether Jorgenson raised a proper objection at the administrative hearing regarding the omission of the phrase "directed by the law enforcement officer" from the implied consent advisory, the court may reverse the hearing officer's decision if its findings of fact are not supported by the preponderance of evidence. We affirm.

I

[¶2] In May 2019, a Stark County deputy sheriff arrested Jorgenson for the offense of driving while under the influence of intoxicating liquor. After a June 2019 administrative hearing, a Department hearing officer issued a decision suspending Jorgenson's driving privileges for 180 days.

[¶3] Jorgenson petitioned the hearing officer for reconsideration, arguing law enforcement lacked a reasonable articulable suspicion to stop him, rendering his arrest invalid, and failed to inform him as required under N.D.C.C. § 39-20-01(3)(a). The hearing officer purported to grant the reconsideration petition but refused to grant Jorgenson's requested relief or to reconsider the Department's ultimate decision. In a July 12, 2019, disposition, the hearing officer stated:

> The petition for reconsideration *was granted. As all of the issues raised in the petition for reconsideration were raised and considered in the original proceeding*, there was no new evidence to consider. After a thorough review of the petition, the file and the evidence in the record, your prayer for relief, that the matter be dismissed, is denied. The decision to suspend will remain in effect.

(Emphasis added.)

[¶4] Jorgenson appealed to the district court, and the court reversed the hearing officer's decision. In its October 23, 2019, memorandum opinion and order, the court held it could review the hearing officer's finding that the deputy had read the implied consent advisory in its entirety under the reasoning mind standard and concluded the deputy's reading of the implied consent advisory did not satisfy the statutory requirements. Relying on our decision in *City of Bismarck v. Vagts*, 2019 ND 224, ¶ 18, 932 N.W.2d 523, the court explained:

> Since the Supreme Court has held omission of the phrase "directed by law enforcement" is substantive, the implied consent advisory read by [the deputy] does not satisfy N.D.C.C. § 39-20-01(3)(a) and therefore the results of the breath test must be excluded.

## II

[¶5] The Department argues the district court erred in reversing the hearing officer's decision. The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs the review of the Department's decision suspending or revoking a driver's license. *Sutton v. N.D. Dep't of Transp.*, 2019 ND 132, ¶ 4, 927 N.W.2d 93. This Court reviews the Department's original determination, not the district court's decision. *Id.* However, "[i]f the district court's analysis is sound, we give it due respect." *Id.* This Court reviews the appeal of an administrative agency decision in the same manner as the district court. N.D.C.C. §§ 28-32-46, 28-32-49. This Court has explained:

> Our review is limited and we give great deference to the agency's findings. We do not make independent findings of fact or substitute our judgment for that of the agency; instead, we determine whether a reasoning mind reasonably could have concluded the findings were supported by the weight of the evidence from the entire record.

*Sutton*, at ¶ 4 (citation omitted). "Once the facts have been established by the administrative hearing officer, their significance presents a question of law, which we review de novo." *Id.* (citation and quotation marks omitted).

Questions of law are fully reviewable on appeal. *May v. Sprynczynatyk*, 2005 ND 76, ¶ 5, 695 N.W.2d 196.

### III

[¶6] The Department contends the district court erred in reversing the Department's decision because Jorgenson did not properly object to admission of the Intoxilyzer test results at the administrative hearing on grounds the implied consent advisory given by the deputy omitted the phrase "directed by the law enforcement officer."

[¶7] At the time of arrest, N.D.C.C. § 39-20-01(3)(a) provided:

> The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test *directed by the law enforcement officer* may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. If the officer requests the individual to submit to a blood test, the officer may not inform the individual of any criminal penalties until the officer has first secured a search warrant.

(Emphasis added.) Section 39-20-01(3)(b), N.D.C.C., stated, "A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39-08-01 or this chapter if the law enforcement officer fails to inform the individual charged as required under [N.D.C.C. § 39-20-01(3)(a)]."

[¶8] In *Vagts*, 2019 ND 224, ¶ 17, 932 N.W.2d 523, this Court concluded that "the officer's omission of the phrase 'directed by the law enforcement officer' was a substantive omission and did not comply with the statutory requirements for the implied consent advisory." This Court held that the advisory given "did not substantively comply with the statutory requirement

3

that the individual charged must take a chemical test 'directed by the law enforcement officer' and that the result of a subsequent breath test [was] inadmissible under the applicable language of N.D.C.C. § 39-20-01(3)(b)." *Vagts*, at ¶ 18.

[¶9]   It is undisputed in this case that the deputy omitted the phrase "directed by the law enforcement officer" from the implied consent advisory. Under our decision in *Vagts*, therefore, the district court properly reversed the hearing officer's decision.

[¶10] The Department nevertheless argues that application of this Court's decision in *Vagts* should be limited to pending cases in which this issue has been properly raised and preserved before the administrative tribunal. The Department contends Jorgenson waived his argument about the omission from the implied consent advisory by failing to raise a proper objection at the administrative hearing. The Department argues the argument was not tried by the parties' express or implied consent before the district court and the court erred in reviewing the issue. It further contends the district court erred in reversing the hearing officer's finding of fact because no precedent at the time controlled whether omission of the phrase "directed by the law enforcement officer" was a "substantive omission" rendering the implied consent advisory deficient.

[¶11] Jorgenson responds, however, that the district court correctly reversed the hearing officer's decision because law enforcement failed to inform Jorgensen as required under N.D.C.C. § 39-20-01(3)(a). He asserts that the Department has inaccurately described the hearing officer's disposition of his petition for reconsideration and that he did not waive his argument regarding the hearing officer's finding that law enforcement gave Jorgenson a complete advisory.

[¶12] Generally, the North Dakota Rules of Evidence govern admissibility of evidence at an adjudicative hearing before an administrative agency, unless application of the rules is expressly waived by the hearing officer. N.D.C.C. § 28-32-24(1) ("An administrative agency, or any person conducting

4

proceedings for it, may waive application of the North Dakota Rules of Evidence if a waiver is necessary to ascertain the substantial rights of a party to the proceeding, but only relevant evidence shall be admitted. The waiver must be specifically stated, orally or in writing, either prior to or at a hearing *or other proceeding*." (emphasis added)); *see May*, 2005 ND 76, ¶ 24, 695 N.W.2d 196. "A hearing officer is afforded broad discretion to control the admission of evidence at the hearing, and the decision to admit or exclude evidence will only be reversed on appeal if the hearing officer abused his discretion." *May*, at ¶ 24.

[¶13] To preserve an issue for appeal, this Court has required an argument to be raised before the hearing officer and identified in the specifications of error to the district court. *See, e.g.*, *May*, 2005 ND 76, ¶ 31, 695 N.W.2d 196 (holding hearing officer did not abuse his discretion in admitting the Intoxilyzer test results when no timely, specific foundation objection based on claimed facial irregularity was made, waiving the objection to the proffered evidence); *Richter v. N.D. Dep't of Transp.*, 2010 ND 150, ¶ 21, 786 N.W.2d 716 ("Because this issue was not raised before the hearing officer, was not specifically stated in his specifications of error in accordance with N.D.C.C. § 28-32-42(4), and was not adequately supported in his appellate brief to this Court, we decline to address it in this appeal.").

[¶14] The disposition of this case turns on the precise language used in the hearing officer's July 12, 2019, disposition of Jorgenson's petition for reconsideration. This disposition states both that the petition for reconsideration was "granted" and that "all of the issues raised in the petition for reconsideration were raised and considered in the original proceeding." This presumably includes the argument Jorgenson raised that the hearing officer erred because law enforcement failed to inform Jorgensen as required under N.D.C.C. § 39-20-01(3)(a). The Department's hearing officer was thus presented with the argument raised in this appeal.

[¶15] In the Department's original decision, the hearing officer found the deputy had read the implied consent advisory "in its entirety." Rather than deeming the issue waived in ruling on the petition for reconsideration, the

5

hearing officer in the disposition specifically stated the issue was raised and considered. Insofar as the hearing officer "granted" the petition, we construe that language as the hearing officer having considered the specific issues raised in the petition.

[¶16] Because the hearing officer considered the issue presented on appeal regarding the implied consent advisory and because Jorgenson identified the issue in his specification of errors to the district court, we hold that the issue was not waived. We therefore conclude the district court did not err in reversing the hearing officer's decision.

## IV

[¶17] The Department's remaining arguments are either without merit or unnecessary to our decision. The judgment is affirmed.

[¶18] Jerod E. Tufte
Lisa Fair McEvers
Jon J. Jensen, C.J.
Daniel J. Crothers
Gerald W. VandeWalle